## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

MARK BLESSING AND ANGELA      )
BLESSING,                      )
                              )
    Plaintiffs,         )
                              )
v.                             )  Case No.    3:21-cv-1170
                              )
MALONEY FARMS, INC.            )
                              )
Serve:                         )
   C T Corporation System     )
   208 South Lasalle Street, Suite 814   )
   Chicago, IL 60604          )
                              )
And,                           )
                              )
LUCAS MALONEY, Individually,   )
                              )
Serve:                         )
   Lucas Maloney              )
   10825 Maloney Road         )
   Ridgway, IL  62979         )
                              )
And,                           )
                              )
JULIAN A. BUCHANAN, Individually and as   )
Sole Proprietor of JULIAN A. BUCHANAN   )
MOBILE HOME TRANSPORT,         )
                              )
Serve:                         )
   Julian A. Buchanan         )
   2181 County Road. 925N     )
   Fairfield, IL 62837        )
                              )
    Defendants.         )

## COMPLAINT

COME NOW, Plaintiffs, MARK BLESSING and ANGELA BLESSING, by and through their undersigned counsel of record and for their Complaint against Defendants, MALONEY FARMS, INC., LUCAS MALONEY and JULIAN A. BUCHANAN MOBILE HOME TRANSPORT, states as follows:

## JURISDICTIONAL AND GENERAL ALLEGATIONS

1.      Plaintiffs Mark and Angela Blessing are husband and wife residing together and are, and were at all times relevant, residents of the State of Indiana, residing at or near Indianapolis, Indiana.

2.      Defendant, Maloney Farms, Inc., is, and was at all times relevant, a corporation registered to do business in, and existing pursuant to, the laws of the State of Illinois, with a principal place of business located at 11000 Maloney Road, Ridgway, IL 62979.

3.      Defendant, Lucas Maloney, is, and was at all times relevant, an individual citizen of the State of Illinois, residing at 10825 Maloney Road, in the Town of Ridgway, Illinois, and is and/or was an employee, agent or servant of Defendant, Maloney Farms, Inc.

4.      Defendant, Julian A. Buchanan Mobile Home Transport, is and was at all times relevant a sole proprietorship owned and operated by Julian A. Buchanan, doing business in and existing pursuant to the laws of the State of Illinois, with its principal place of business located at 2181 County Road 925N, Fairfield, IL  62837.

5.      The Defendants and Plaintiffs being citizens of different states, complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, providing this Court with jurisdiction over this cause of action pursuant to 28 U.S.C. §1332 (West 2011).

6.       On or about October 1, 2019, at approximately 3:30 p.m., Plaintiff, Mark Blessing, was a passenger in a Model Year 2000, Chevrolet Silverado pickup truck being driven by his sister-in-law, Annette Smith.

7.       At said time and place, Plaintiff and Smith were lawfully traveling northbound on Illinois Route 1, a two-lane highway, near Peabody Road in Gallatin, County, Illinois, when they encountered a tractor trailer owned and operated by Defendant, Julian A. Buchanan Mobile Home Transport (hereinafter also referred to as "Buchanan") and which was transporting an oversized load consisting of a mobile home traveling in the opposite, southbound direction on Route 1 some distance ahead.

8.       No formal or paved shoulder exists adjacent to the roadway in the area around Peabody Road, and, upon information and belief, the road is approximately 25 feet in total width, each lane being approximately 12 feet wide.

9.       That, in an effort to stay clear of and to avoid colliding with the oncoming oversized tractor trailer, which was then and there significantly encroaching into the opposite lane of traffic, Ms. Smith slowed her vehicle and was required to move her vehicle onto the edge of the roadway in her lane and into the grassy area adjacent to the roadway.

10.      At or near this same time and place, the Defendant, Maloney Farms, Inc. (hereinafter also referred to as "Maloney Farms") was the owner of a model year 1997 International Series 8000 Model 8200 tractor truck, used for its commercial and business purposes and that was being operated by individual Defendant, Lucas Maloney, some distance behind Plaintiff in a northbound direction on Illinois Route 1.

11.      That as Plaintiff's vehicle slowed, the Defendant's vehicle, being driven by Lucas Maloney, carelessly, recklessly and violently collided with the rear of the vehicle owned and being

operated by Annette Smith and in which Plaintiff was a passenger, causing it to suddenly and without warning leave the roadway, collide with the ground, ditch and/or other areas adjacent to the roadway with great force and to overturn uncontrollably.

12.     At all times relevant, Plaintiff was a restrained occupant of the vehicle and was utilizing his safety seatbelt as required by Illinois law.

13.     Lucas Maloney was issued traffic citations by the Gallatin County Sheriff's Department for failure to have a valid license or permit, in violation of Illinois Motor Vehicle Code, 625 ILCS 5/6-101, and for his failure to reduce speed, in violation of the Illinois Motor Vehicle Code, 625 ILCS 5/11-601.

<u>COUNT I</u>
<u>Negligence – Maloney Farms</u>

COMES NOW, Plaintiff, MARK BLESSING, by and through his undersigned counsel of record and for COUNT I of his Complaint against Defendant, MALONEY FARMS, INC., states as follows:

14.     Plaintiff incorporates and re-alleges paragraphs 1-13 of the Jurisdictional and General Allegations, as and for paragraph 14 of Count I, as if fully set forth herein.

15.     At all times relevant, Lucas Maloney was and is an employee, agent and/or servant of Maloney Farms, Inc., and was acting within the course and scope of his agency and/or employment.

16.     Defendant is vicariously liable for the actions of its employees, agents and/or servants pursuant to the doctrine of respondeat superior.

17.     At all times relevant, Defendant, as well as its employees, agents and/or servants, owed a duty of care to keep a careful lookout and to exercise ordinary care for the safety of Plaintiff and all others lawfully on the roadway.

18.     That the aforementioned conduct of Defendant and/or its employee, agent and/or servant was negligent in one or more of the following ways:

     (a)    Failed to keep a careful lookout;

     (b)    Failed to keep the vehicle under proper control;

     (c)    Failed to drive the vehicle at a safe speed;

     (d)    Failed to properly maintain its vehicles;

     (e)    Failed to properly implement necessary policies and procedures in the safe operation of such vehicles;

     (f)    Failed to properly train its employees, agents and/or servants in the operation of such vehicles;

     (g)    Failed to ensure its employees, agents and/or servants possess the proper licensing and permitting required to lawfully operate such vehicles on the roadway.

19.     At all times relevant, Defendant's employees, agents and/or servants, negligently, and unlawfully drove, operated, and/or failed to control the vehicle in question such that the Defendant's vehicle collided into the rear of the vehicle in which Plaintiff was a passenger with great force, as a result of which Plaintiff sustained severe and permanent injuries as alleged herein.

20.     The conduct by Defendant and/or Defendant's employees, agents and/or servants was willful and wanton in nature and such conduct exhibited a reckless disregard for the safety of Plaintiff and others on the roadway.

21.     That as a direct and proximate result of one or more of the aforementioned negligent, careless and/or reckless acts and/or omissions of the Defendant, Plaintiff was caused to suffer grievous injuries, including, but not limited to, injury to Plaintiff's head, neck, back, arms and legs.

22.     That as a direct and proximate result of the negligence of Defendant and/or its employees, agents and/or servants, Plaintiff suffered in the following ways:

      (a)     Plaintiff was made sick, sore, lame, and disordered and suffered extensive injuries;

      (b)     Plaintiff has experienced pain and suffering in the past and continues to experience pain and suffering at the present time and will so suffer in the future;

      (c)     Plaintiff has become obligated for large sums of money for necessary medical care, treatment and services in the past and will be required to expend large sums of money to cure herself of these injuries in the future;

      (d)     Plaintiff has suffered disability and disfigurement and will so suffer in the future;

      (e)     Plaintiff has suffered a loss of earning capacity and will continue to so suffer in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, MARK BLESSING, prays for judgment against the Defendant in his favor for damages in excess of the jurisdictional limit of $75,000.00, for punitive damages and for any and all further relief deemed appropriate by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS

<u>**COUNT II**</u>
<u>**Negligence – Lucas Maloney**</u>

COMES NOW, Plaintiff, MARK BLESSING, by and through his undersigned counsel of record and for COUNT II of his Complaint against Defendant, LUCAS MALONEY, states as follows:

23.     Plaintiff incorporates and re-alleges paragraphs 1-13 of the Jurisdictional and General Allegations, as and for paragraph 23 of Count II, as if fully set forth herein.

24.     At all times relevant, Defendant, owed a duty of care to keep a careful lookout and to exercise ordinary care for the safety of Plaintiff and all others lawfully on the roadway.

25.     That the aforementioned conduct of Defendant was negligent in one or more of the following ways:

  (a)     Failed to keep a careful lookout;

  (b)     Failed to keep the vehicle under proper control;

  (c)     Failed to drive the vehicle at a safe speed;

  (d)     Failed to properly maintain its vehicles;

  (e)     Failed to properly implement necessary policies and procedures in the safe operation of such vehicles;

  (f)     Failed to receive proper training its in the operation of such vehicles;

  (g)     Failed the proper licensing and permitting required to lawfully operate such vehicles on the roadway;

  (h)     Failed to abide by and violated various regulations and statutes of the State of Illinois Vehicle Code, including, but not limited to, failure to have a valid license or permit, in violation of Illinois Motor Vehicle Code, 625 ILCS 5/6-101, and failure to reduce speed, in violation of the Illinois Motor Vehicle Code, 625 ILCS 5/11-601.

26.     At all times referenced herein, Defendant then and there negligently and unlawfully drove, operated, and/or failed to control the vehicle in question such that the Defendant's vehicle collided into the rear of the vehicle in which Plaintiff was a passenger with great force, as a result of which Plaintiff sustained severe and permanent injuries as alleged herein.

27.     The conduct by Defendant was willful and wanton in nature and such conduct exhibited a reckless disregard for the safety of Plaintiff and others on the roadway.

28.     That as a direct and proximate result of one or more of the aforementioned negligent, careless and/or reckless acts and/or omissions of the Defendant, Plaintiff was caused to suffer grievous injuries, including, but not limited to, injury to Plaintiff's head, neck, back, arms and legs.

29.     That as a direct and proximate result of the negligence of Defendant and/or its employees, agents and/or servants, Plaintiff suffered in the following ways:

(a)     Plaintiff was made sick, sore, lame, and disordered and suffered extensive injuries;

(b)     Plaintiff has experienced pain and suffering in the past and continues to experience pain and suffering at the present time and will so suffer in the future;

(c)     Plaintiff has become obligated for large sums of money for necessary medical care, treatment and services in the past and will be required to expend large sums of money to cure himself of these injuries in the future;

(d)     Plaintiff has suffered disability and disfigurement and will so suffer in the future;

(e)     Plaintiff has suffered a loss of earning capacity and will continue to so suffer in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, MARK BLESSING, prays for judgment against the Defendant in his favor for damages in excess of the jurisdictional limit of $75,000.00, for punitive damages and for any and all further relief deemed appropriate by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS

//

//

//

## COUNT III
## Negligence – Buchanan

COMES NOW, Plaintiff, MARK BLESSING, by and through his undersigned counsel of record and for COUNT III of his Complaint against Defendant, JULIAN BUCHANAN as Sole Proprietor of JULIAN A. BUCHANAN MOBILE HOME TRANSPORT, states as follows:

30.     Plaintiff incorporates and re-alleges paragraphs 1-13 of the Jurisdictional and General Allegations, as and for paragraph 30 of Count III, as if fully set forth herein.

31.     At all times relevant, Defendant, owed a duty of care to keep a careful lookout and to exercise ordinary care for the safety of Plaintiff and all others lawfully on the roadway.

32.     At all times relevant, Defendant was vicariously liable for the conduct of any of its employees, agents or servants acting within the course and scope of their employment.

33.     That the aforementioned conduct of Defendant was negligent in one or more of the following ways:

      (a)     Failed to keep a careful lookout;

      (b)     Failed to keep the vehicle under proper control;

      (c)     Failed to drive the vehicle at a safe speed;

      (d)     Failed to properly maintain its vehicles;

      (e)     Failed to properly implement necessary policies and procedures in the safe operation of such vehicles;

      (f)     Failed to obtain proper training its in the operation of such vehicles;

      (g)     Failed to obtain or maintain the proper licensing and permitting required to lawfully operate such vehicles on the roadway;

      (h)     Failed to display or utilize necessary and proper warnings, flashing lights, signage and/or placards required for the use of such vehicles;

     (i)     Failed to utilize necessary and required escort vehicles required for the lawful operation of such vehicles;

     (j)     Failed to adhere to required size, weight and/or operation procedures or restrictions as required by applicable State and/or Federal safety laws and regulations.

34.    At all times referenced herein, Defendant then and there negligently and unlawfully drove, operated, and/or failed to control the vehicle in question such that the Defendant's oversize width tractor trailer impermissibly encroached into the oncoming lane of traffic in which Plaintiff was traveling as a passenger, thereby causing the vehicle in which Plaintiff was a passenger to unnecessarily slow to avoid collision with Defendant's vehicle and causing it to be violently struck from behind by a third vehicle being operated by co-Defendant, Lucas Maloney, with great force, as a result of which plaintiff sustained severe and permanent injuries as alleged herein.

35.    The conduct by Defendant was willful and wanton in nature and such conduct exhibited a reckless disregard for the safety of Plaintiff and others on the roadway.

36.    That as a direct and proximate result of one or more of the aforementioned negligent, careless and/or reckless acts and/or omissions of the Defendant, Plaintiff was caused to suffer grievous injuries, including, but not limited to, injury to Plaintiff's head, neck, back, arms and legs.

37.    That as a direct and proximate result of the negligence of Defendant and/or its employees, agents and/or servants, Plaintiff suffered in the following ways:

     (a)     Plaintiff was made sick, sore, lame, and disordered and suffered extensive injuries;

     (b)     Plaintiff has experienced pain and suffering in the past and continues to experience pain and suffering at the present time and will so suffer in the future;

     (c)     Plaintiff has become obligated for large sums of money for

necessary medical care, treatment and services in the past and will be required to expend large sums of money to cure himself of these injuries in the future;

(d)     Plaintiff has suffered disability and disfigurement and will so suffer in the future;

(e)     Plaintiff has suffered a loss of earning capacity and will continue to so suffer in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, MARK BLESSING, prays for judgment against the Defendant in his favor for damages in excess of the jurisdictional limit of $75,000.00, for punitive damages and for any and all further relief deemed appropriate by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS

## COUNT IV
### Angela Blessing - Loss of Consortium
### Maloney Farms, Inc.

COMES NOW, Plaintiff, ANGELA BLESSING, by and through her undersigned counsel of record, and for COUNT IV of her Complaint against Defendant, MALONEY FARMS, INC., states as follows:

38.     Plaintiff incorporates and re-alleges paragraphs 1-13 of the General and Jurisdictional Allegations and paragraphs 14-22 of Count I as and for paragraph 38 of Count IV, as if fully set forth herein.

39.     Plaintiff, Angela Blessing is, and was at all times relevant, the lawful spouse of Plaintiff, Mark Blessing, and was cohabiting with him and enjoying his companionship and care.

40.     As a direct and proximate result of the negligence of the Defendants and the resulting injuries to her husband, Plaintiff, Mark Blessing, has been rendered permanently sick and/or disabled.

41.     Plaintiff, Angela Blessing, has suffered the loss of the services of her spouse, which had been prior to her injuries of great value to Plaintiff.  Plaintiff has also been deprived of her spouse's affection, companionship, and consortium. Plaintiff has been and will continue to be hindered and prevented from transacting and attending to her usual business and personal affairs.

42.     Furthermore, she has incurred expenditures in having the services performed for her which had previously been performed by her spouse and will be permanently compelled to incur such expenses in the future. Plaintiff has been and will continue to be otherwise greatly damaged as a result of defendant's wrongful conduct.

43.     In addition, Plaintiff, Angela Blessing, suffered the following damage arising out of injuries to her spouse, Plaintiff, Mark Blessing:

(a)     The reasonable expense of necessary medical care and treatment received by her spouse and reasonably certain to be received in the future;

(b)     The reasonable value of the services of her spouse of which he or she has been deprived, and the present value of such services of which she is reasonably certain to be deprived in the future;

(c)     The reasonable value of the society, companionship, and conjugal relationship with her spouse of which the Plaintiff has been deprived and the present cash value of such society, companionship, and conjugal relationship of which the Plaintiff is reasonably certain to be deprived in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, ANGELA BLESSING, prays for judgment in her favor against Defendants and for those damages in excess of the jurisdictional limit of $75,000.00 allowed under law and for any and all further relief deemed appropriate by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY

## COUNT V
### Angela Blessing - Loss of Consortium
### Lucas Maloney

COMES NOW, Plaintiff, ANGELA BLESSING, by and through her undersigned counsel of record, and for COUNT V of her Complaint against Defendant, MALONEY FARMS, INC., states as follows:

44.     Plaintiff incorporates and re-alleges paragraphs 1-13 of the General and Jurisdictional Allegations and paragraphs 23-29 of Count II as and for paragraph 44 of Count V, as if fully set forth herein.

45.     Plaintiff, Angela Blessing is, and was at all times relevant, the lawful spouse of Plaintiff, Mark Blessing, and was cohabiting with him and enjoying his companionship and care.

46.     As a direct and proximate result of the negligence of the Defendants and the resulting injuries to her husband, Plaintiff, Mark Blessing, has been rendered permanently sick and/or disabled.

47.     Plaintiff, Angela Blessing, has suffered the loss of the services of her spouse, which had been prior to her injuries of great value to Plaintiff.  Plaintiff has also been deprived of her spouse's affection, companionship, and consortium. Plaintiff has been and will continue to be hindered and prevented from transacting and attending to her usual business and personal affairs.

48.     Furthermore, she has incurred expenditures in having the services performed for her which had previously been performed by her spouse and will be permanently compelled to incur such expenses in the future. Plaintiff has been and will continue to be otherwise greatly damaged as a result of Defendant's wrongful conduct.

49.     In addition, Plaintiff, Angela Blessing, suffered the following damage arising out of injuries to her spouse, Plaintiff, Mark Blessing:

(a)     The reasonable expense of necessary medical care and treatment received by her spouse and reasonably certain to be received in the future;

(b)     The reasonable value of the services of her spouse of which he or she has been deprived, and the present value of such services of which she is reasonably certain to be deprived in the future;

(c)     The reasonable value of the society, companionship, and conjugal relationship with her spouse of which the Plaintiff has been deprived and the present cash value of such society, companionship, and conjugal relationship of which the Plaintiff is reasonably certain to be deprived in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, ANGELA BLESSING, prays for judgment in her favor against Defendants and for those damages in excess of the jurisdictional limit of $75,000.00 allowed under law and for any and all further relief deemed appropriate by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY

**COUNT VI**
**Angela Blessing - Loss of Consortium**
**Julian A. Buchanan as Sole Proprietor of**
**Julian A. Buchanan Mobile Home Transport**

COMES NOW, Plaintiff, ANGELA BLESSING, by and through her undersigned counsel of record, and for COUNT VI of her Complaint against Defendant, JULIAN A. BUCHANAN as Sole Proprietor of JULIAN A. BUCHANAN MOBILE HOME TRANSPORT, states as follows:

50.     Plaintiff incorporates and re-alleges paragraphs 1-13 of the General and Jurisdictional Allegations and paragraphs 30-37 of Count III as and for paragraph 50 of Count VI, as if fully set forth herein.

51.     Plaintiff, Angela Blessing is, and was at all times relevant, the lawful spouse of Plaintiff, Mark Blessing, and was cohabiting with him and enjoying his companionship and care.

52.     As a direct and proximate result of the negligence of the Defendants and the resulting injuries to her husband, Plaintiff, Mark Blessing, has been rendered permanently sick and/or disabled.

53.     Plaintiff, Angela Blessing, has suffered the loss of the services of her spouse, which had been prior to her injuries of great value to Plaintiff.  Plaintiff has also been deprived of her spouse's affection, companionship, and consortium. Plaintiff has been and will continue to be hindered and prevented from transacting and attending to her usual business and personal affairs.

54.     Furthermore, she has incurred expenditures in having the services performed for her which had previously been performed by her spouse, and will be permanently compelled to incur such expenses in the future. Plaintiff has been and will continue to be otherwise greatly damaged as a result of Defendant's wrongful conduct.

55.     In addition, Plaintiff, Angela Blessing, suffered the following damage arising out of injuries to her spouse, Plaintiff, Mark Blessing:

(a)     The reasonable expense of necessary medical care and treatment received by her spouse and reasonably certain to be received in the future;

(b)     The reasonable value of the services of her spouse of which he or she has been deprived, and the present value of such services of which she is reasonably certain to be deprived in the future;

(c)     The reasonable value of the society, companionship, and conjugal relationship with her spouse of which the Plaintiff has been deprived and the present cash value of such society, companionship, and conjugal relationship of which the Plaintiff is reasonably certain to be deprived in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, ANGELA BLESSING, prays for judgment in her favor against Defendants and for those damages in excess of the jurisdictional

limit of $75,000.00 allowed under law and for any and all further relief deemed appropriate by the

Court.

PLAINTIFF DEMANDS TRIAL BY JURY

MEYERJENSEN, P.C.

By: __/s/ Craig J. Jensen_____
CRAIG J. JENSEN, #6197352
BRIAN W. BURGE, #6334663
2010 State Street
Alton, Illinois 62002
Telephone: (618) 463-1004
Facsimile: (618) 463-0989
Email: craig@meyerjensen.com
Email: brian@meyerjensen.com